O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ROBERT BAUSLAUGH, ) | Case No. EDCV 09-1853-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Robert Bauslaugh seeks judicial review of the Commissioner's final decision denying his application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. 42 U.S.C. § 1381 *et seq*. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is affirmed.

**I. Background**

Plaintiff was born on September 7, 1954. (Administrative Record ("AR") 12, 76.) He has a tenth grade education and a veterinary technologist certificate. (AR 200.) Plaintiff was previously employed as a modular classroom setter. (AR 196.) Plaintiff filed an application for

SSI benefits on July 11, 2006, alleging that he has been disabled since March 1, 2004, as a result of chronic emphysema, asthma, hearing loss, arthritis, and left hand carpal tunnel syndrome. (AR 8, 76-77.)

Plaintiff's application was denied initially on September 26, 2006, and upon reconsideration on February 8, 2007. (AR 96-100, 103-107.) An administrative hearing was held on March 21, 2008, before ALJ Thomas P. Tielens. (AR 41-75.) On April 21, 2008, ALJ Tielens issued an unfavorable decision. (AR 78-87.) On September 11, 2008, the Appeals Council remanded the case to the ALJ for further proceedings. (AR 93-95.) On March 24, 2009, a second administrative hearing was held before ALJ David M. Ganly, at which Plaintiff, represented by counsel, testified, as did Medical Expert ("ME") Dr. Samuel Landau and Vocational Expert ("VE") David A. Rinehart. (AR 20-40.)

On June 9, 2009, ALJ Ganly denied Plaintiff's application for benefits. (AR 5-14.) The ALJ found that the Plaintiff had not engaged in substantial gainful activity during the period at issue. (AR 10.) The ALJ further found that, pursuant to 20 C.F.R. 416.920(c), the medical evidence established that Plaintiff suffered from the following severe impairments: pulmonary emphysema with an asthmatic component, internal derangement of the left knee and status post repair torn cartilage involving both wrists, and status post surgery on the right elbow for bursitis. (Id.) However, the ALJ concluded that Plaintiff's impairments did not meet, or were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Id.) The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 C.F.R. 416.967(b) except standing and/or walking 2 hours out of 8 provided the use of

a handheld assistive device as needed, precluded from work on uneven surfaces and sitting 6 hours out of 8 and lifting and/or carrying 20 pounds occasionally and 10 pounds frequently. The claimant can climb stairs but cannot climb ladders, work at unprotected heights or balance. He cannot squat, kneel, crawl, run or jump and cannot operate foot pedals or controls on the left. His work environment should be air-conditioned and free of excessive pulmonary irritants such as an office or this hearing room and he cannot perform forceful gripping, grasping or twisting with his hands but can do occasional fine manipulations. His work environment should not be excessively noisy due to decreased hearing and the use of hearing aids.

(AR 10-11.)

The ALJ concluded that Plaintiff's impairments prevented him from performing his past relevant work. (AR 12.) However, based on the VE's testimony, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform (20 C.F.R. 416.969, 416.969a), such as information clerk, fund raiser II and counter clerk. (AR 12-13.) The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f). (AR 13.)

On September 4, 2009, the Appeals Council denied review (AR 1-3). Plaintiff then timely commenced this action for judicial review. On May 5, 2010, the parties filed a Joint Stipulation ("Joint Stp.") of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) improperly concluding at step three of the sequential process that Plaintiff's impairments did not medically equal a listed impairment and

(2) improperly determining that Plaintiff was capable of performing the jobs of information clerk, fund raiser II and counter clerk. (Joint Stp. at 2-3.) Plaintiff seeks reversal of the Commissioner's denial of his application and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stp. at 17.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stp. at 18.)

**II. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

//
//

**III. Discussion**

    **A.   The ALJ Properly Determined That Plaintiff's Impairments Do Not Meet or Equal a Listed Impairment**

Plaintiff contends that the ALJ erred by summarily concluding that Plaintiff's combined impairments did not meet or equal one of the disability listings found at 20 C.F.R. § 404, Subpt. P, App. 1. Plaintiff also claims that his combined impairments medically equal Listing 1.02. (Joint Stp. at 3-7.) These contentions lack merit.

Plaintiff first contends that the ALJ erred by summarily determining, at step three of the sequential process, that Plaintiff's impairments did not meet or equal a listed impairment. (Joint Stp. at 3.) At step three of the sequential evaluation process, an ALJ considers whether an applicant has an impairment or combination of impairments that meet or medically equal an impairment included in the federal regulations' listing of disabling impairments.

Plaintiff argues that the ALJ erred by not citing or discussing any specific section of the listings and by failing to explain how the medical evidence in the record supported his finding at step three. (Joint Stp. at 7.) In a single sentence statement, the ALJ found that the medical record lacked evidence of impairments that would meet or equal a listed impairment. (AR 10.)

An ALJ is required to adequately explain the basis for his or her determination that an applicant's impairments do not equal a listing. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, an ALJ is not required to "state why a claimant failed to satisfy every different section of the listing impairments." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). Accordingly, a well-developed discussion of the factual basis of a claimant's impairments elsewhere

in a hearing decision may, under certain circumstances, support an unexplained finding of no medical equivalence at step three. *Id*. at 1201 (finding an ALJ's four-page summary of the record an adequate basis for unexplained statement that the applicant's impairments did not meet or equal any listing). Here, the ALJ reviewed Plaintiff's medical history at step four, specifically Plaintiff's problems with his knee, wrists and elbow. (AR 11-12.) The ALJ also reviewed Plaintiff's hearing testimony (which the ALJ found not fully credible), the opinion of the testifying medical expert, Dr. Landau, and the opinion of the consultative examining physician, Dr. Lin, in determining that Plaintiff was not disabled. (Id.) This review of the evidence supports the ALJ's step three finding under *Gonzalez*. The ALJ did not err in failing to explain his finding that Plaintiff's impairments were not medically equivalent to any listed impairments. *See Howard ex. rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (finding that an ALJ is not required to discuss every piece of evidence in the record in reaching a disability determination). The ALJ provided ample specific and legitimate reasons, supported by substantial evidence in the record, for finding that Plaintiff was not disabled.

   Plaintiff further contends, based on impairments of his left knee, both wrists and right elbow, that these combined impairments medically equal Listing 1.02. Section 1.01, *et seq*., of the disability listings cover impairments of the musculoskeletal system. Listing 1.02, entitled: "Major dysfunction of a joint(s) (due to any cause)" provides as follows:

   Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal

6

motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:

    A.    Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle) resulting in inability to ambulate effectively, as defined in 1.00B2b; or

    B.    Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. Pt. 404, Subpt. P., App. 1, § 1.02.

Plaintiff contends that he "has presented substantial evidence of a major dysfunction of a joint that involves a peripheral weight bearing joint (knee) resulting in pain, decreased range of motion, and difficulty ambulating." (Joint Stp. at 5.) In addition, Plaintiff argues that the "medical evidence also supports the involvement of a peripheral joint in Plaintiff's upper extremities (right elbow bursitis/rheumatoid arthritis, carpal tunnel syndrome, and status post repair of torn cartilage to wrists) with decreased grip strength and inability to grasp." (Id.)

Plaintiff has failed to show that his combined impairments are medically equivalent to a listed impairment. The mere diagnosis of a listed impairment is not sufficient to sustain a finding of disability. 20 C.F.R. § 404.1525(d); *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985). Indeed, "[i]t is not enough for an applicant to show he has a severe impairment that is one of the listed impairments to find him per se disabled." *Young v. Sullivan*, 911 F.2d 180, 181 (9th Cir. 1990). To "meet" a listed impairment, a claimant must present medical findings

establishing that he meets each characteristic of the listed impairment. 20 C.F.R. § 404.1525(d); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). To "equal" a listed impairment, "a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment 'most like' the claimant's impairment." *Tackett*, 180 F.3d at 1099 (quoting 20 C.F.R. § 404.1526).

In this case, Plaintiff has failed to show how the medical evidence satisfies the criteria of Listing 1.02. Plaintiff makes the conclusory statement that his combined impairments meet the disability listing and occasionally cites to his medical records without establishing how these medical reports demonstrate that he has met the requirements of Listing 1.02. The medical records to which Plaintiff refers in support of his argument only provide diagnoses and results; they do not state any limitations. In addition, no physician has used or interpreted Plaintiff's medical records to find that Plaintiff has an impairment or combined impairments which meet or medically equal Listing 1.02. The ALJ properly relied on the opinions of the testifying medical expert and the consultative examining physician, neither of whom found that Plaintiff's impairments meet or medically equal Listing 1.02. (AR 11-12, 24-26, 306-310.)

When considering this record, it is clear that Plaintiff has not met his burden of demonstrating that his symptoms met or equaled all of the criteria of Listing 1.02. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 145-152 (1987) (placing burden on claimant to produce evidence that impairment meets listing). The ALJ correctly found, at step three of the sequential analysis, that Plaintiff's impairments do not meet one of the

listed impairments. Accordingly, Plaintiff is not entitled to relief on this claim.

### B. Plaintiff's Limitations Do Not Conflict with the Jobs the Vocational Expert Found Him Capable of Performing

Plaintiff contends that his RFC prevents him from performing the jobs that the VE identified at the administrative hearing. (Joint Stp. at 12.) More specifically, Plaintiff argues that the lifting requirements of the jobs identified by the VE are incompatible with his inability to forcefully grip, grasp or twist his hands. (Id.)

When questioned by the ALJ, the VE gave three examples of jobs that Plaintiff could perform – information clerk, fund raiser II and counter clerk – and provided Dictionary of Occupational Titles ("DOT") numbers for each. (AR 32-33.) The VE accurately described these jobs as "Light Work" under the DOT. The DOT defines light work as "[e]xerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly ... to move objects. Physical demand requirements are in excess of those for Sedentary Work." DOT, Appx. C (4th ed. 1991). Plaintiff claims that such work is beyond his occupational limitations.

Plaintiff's contention is without merit. As a preliminary matter, the Court notes that the DOT lists no requirements for forceful gripping, grasping or twisting of the hands for any of the three jobs cited by the VE. *See* DOT, §§ 237.367-018 (information clerk), 293.357-014 (fund raiser II), 249.366-010 (counter clerk). Further, Plaintiff fails to demonstrate how an inability to forcefully grip prevents him from lifting 20 pounds occasionally and 10 pounds frequently. Lifting and carrying is defined by the Social Security Regulations as an exertional limitation, while fingering and grasping is a non-exertional

limitation. Thus, under the Regulations, the ability to grip and grasp is not related to the ability to lift and carry. *See* 20 C.F.R. § 416.969a.

Plaintiff also argues that, because the exertional requirements of the jobs identified by the VE are in excess of his RFC, the VE's testimony contradicts the DOT, and therefore there must be persuasive evidence to support the ALJ's reliance on the VE's testimony. (Joint Stp. at 13.) Contrary to Plaintiff's contention, there is no evidence in the record that the VE's testimony varied from the DOT.[1]

Here, the ALJ provided the VE with all of the limitations found by the medical expert and substantially supported by the record. The ALJ concluded that Plaintiff could do the full range of light work with the exception that he could perform only occasional fingering. (AR 10-11.) Based on these limitations, the VE found that Plaintiff could perform any of three jobs, each of which capture Plaintiff's primary exertional limitations. Contrary to Plaintiff's contention, the ALJ did not rely on a job description that fails to comport with Plaintiff's limitations. *Cf. Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). The ALJ's reliance on the testimony that the VE gave in response to the hypothetical was proper. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Accordingly, Plaintiff is not entitled to relief.

---

[1] The VE stated at the hearing that there was one variation from the DOT for the job of fund raiser II. According to the VE, the requirement of frequent fingering for the job has been reduced over time to no more than occasional. (AR 13-14.) The ALJ properly relied on the VE's testimony, even though it varied slightly from the DOT, because the VE has the training and expertise to identify any variations from the DOT and provide an explanation. *See Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). Therefore, each of the three jobs cited by the VE comport with Plaintiff's functional limitation to only occasional fingering.

**IV. CONCLUSION**

For the reasons stated above, it is **ORDERED** that the decision of the Commissioner be affirmed and this case be dismissed with prejudice.

DATED: May 11, 2010

MARC L. GOLDMAN
_____
Marc L. Goldman
United States Magistrate Judge
